**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1795-HEA |
| | ) | |
| MODOC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Joseph Michael Devon Engel, prison registration number 1069055, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $5.42. Additionally, for the reasons discussed below, the Court will dismiss this case without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits in the amount of $27.10, and an average monthly balance of $8.77. Accordingly, the Court will assess an initial partial filing fee of $5.42, which is twenty percent of his average monthly balance.

**Legal Standard**

According to 28 U.S.C. § 1915(e)(2)(B), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the

2

veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC"), the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), the Division of Probation and Parole, and a defendant plaintiff identifies as C&A and Classification Assignment, an apparent reference to a part of an administrative department within the MDOC responsible for inmate classification and assignment to facilities, housing and/or prison jobs. Plaintiff indicates he is a civilly committed detainee. However, review of publicly-available MDOC records shows he is actually a convicted and sentenced state prisoner.

In setting forth his statement of claim, plaintiff alleges his MDOC face sheet "says the wrong name for legal names its got Joseph Michael Engel and my name is Joseph Michael Devon Engel they said I [have an] alias and I don't." Plaintiff further avers his Ohio Risk Factor was incorrectly entered, that his religion was entered as "Christian/General" when it should have been entered as "Astru/Odinism/Catholicism," and his age of first commitment should have been entered as "18 or 19 years old." Plaintiff also claims: "they say 10 years with 80% it should never be its 3rd commitment," and "I was homeless and P&P still charging me fees $308.00 they can't do that."

As relief, plaintiff seeks 700 billion dollars from the MDOC; 600 billion dollars from the ERDCC, 500 billion dollars from C&A; and 1 trillion dollars from the Division of Probation and Parole. At the end of the complaint, plaintiff provides a list of more than 18 names, and indicates the relief he wants awarded to them. For example, plaintiff writes: "Cook 1 million 500 stocks in Google, FaceBook, GMC, Ford, Dodge, Kia;" "Konig 1 million full medical & dental full [scholarships];" "Bova 1 million full [scholarships] for all kids;" and "Andrew Emily & Mom 10 million to split full [scholarships]."

The complaint is one of more than one hundred and thirty (130) similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC and facilities and divisions thereof, along with State officials. The nature of those complaints is roughly the same as the instant complaint. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. As of December 21, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

**Discussion**

4

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 confers no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff can be understood to claim entitlement to monetary relief from the MDOC and an administrative department thereof, the ERDCC, and the Division of Probation and Parole because unidentified MDOC personnel failed to accurately enter his name, religion, Ohio Risk Factor, and age of first commitment on his face sheet. Plaintiff does not clearly explain how the errors affected him, nor does he allege facts permitting the inference that anyone who could be identified as a defendant deprived him of a federally-protected right. While plaintiff's allegations may establish a violation of MDOC policy or procedure, they do not establish the violation of a right secured by the Constitution or laws of the United States. Therefore, plaintiff's allegations concerning the entry of data on his face sheet fail to state a claim under § 1983. *See id.*

Plaintiff can also be understood to claim entitlement to monetary relief from the defendants because he is being required to serve 80% of his sentence. Again, plaintiff fails to allege facts showing that anyone who could be identified as a defendant deprived him of a

5

federally-protected right. He therefore fails to state a claim under § 1983. *See id.* To the extent

plaintiff seeks to challenge the validity of his confinement or matters affecting its duration, he

must bring such claims in a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff can also be understood to claim entitlement to monetary relief from the

defendants because the Division of Probation and Parole wrongfully assessed fees. However,

plaintiff alleges no facts permitting the inference that the assessment of fees or the manner in

which they were assessed violated any rights secured by the Constitution or laws of the United

States. Additionally, plaintiff may not seek relief pursuant to 42 U.S.C. § 1983 based upon a

violation of Missouri's Code of State Regulations or MDOC policy concerning the Division of

Probation and Parole's assessment of fees. Accordingly, plaintiff's allegations concerning the

Division of Probation and Parole's assessment of fees fails to state a claim under § 1983. *See*

*West*, 487 U.S. at 48.

The complaint suffers from other deficiencies. Plaintiff brings this lawsuit pursuant to

42 U.S.C. § 1983 against the MDOC and an administrative department thereof, the ERDCC, and

the Division of Probation and Parole. Such a suit is effectively a suit against the State of

Missouri. As noted above, 42 U.S.C. § 1983 provides for an action against a "person" for

violation of another's civil rights. *West*, 487 U.S. at 48, *McLean v. Gordon*, 548 F.3d 613, 618

(8th Cir. 2008). However, the State of Missouri and its agencies and instrumentalities are not

"persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58,

71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Accordingly,

plaintiff is missing an essential element of a § 1983 claim.

The defendants are also protected by the doctrine of sovereign immunity. "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first exception exists "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second exception exists where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies in the instant case. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a State's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66, *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The second exception is inapplicable because plaintiff does not aver, nor is it apparent, that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Accordingly, plaintiff's claims against the defendants must be dismissed.

7

Finally, it appears plaintiff filed the complaint, at least in part, to seek relief on behalf of other individuals. However, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

For the foregoing reasons, this action is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless prisoner civil rights actions plaintiff has recently filed *pro se* and *in forma pauperis* in this Court. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It is therefore apparent that plaintiff initiated this action as part of a campaign of harassment against these defendants through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits, and also when it contains disrespectful or abusive language); *Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran*, 73 F.3d at 1316 (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

8

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes it would be futile to direct him to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $5.42 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of March, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE